IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 17, 2017, at Knoxville

**DEREK CUNNINGHAM v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
No. 14-01981        W. Mark Ward, Judge

_____

**No. W2016-01974-CCA-R3-PC**

_____

The Petitioner, Derek Cunningham, appeals the denial of his petition for post-conviction relief. Pursuant to a guilty plea, the Petitioner was convicted of second degree murder and sentenced to thirty years of incarceration. The Petitioner sought post-conviction relief, asserting that he received the ineffective assistance of counsel and that he entered his plea unknowingly and involuntarily. Following a hearing, the post-conviction court denied relief. After review of the record and applicable law, we affirm the post-conviction court's denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

John R. Marek, Memphis, Tennessee, for the appellant, Derek Cunningham.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Greg Gilbert, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

A Shelby County Grand Jury indicted the Petitioner for first degree premeditated murder, felony murder, especially aggravated robbery, and aggravated robbery. Pursuant to a plea agreement, the Petitioner was convicted of second degree murder and sentenced

to thirty years of incarceration. The Petitioner appeals the denial of his petition for post-conviction relief wherein he argued that trial counsel was ineffective for allowing him to accept a guilty plea that sentenced him above his range classification and for not advising him to proceed to trial because of the opportunity to cross-examine witnesses with inconsistent statements and the lack of evidence. He also argued that he unknowingly and involuntarily accepted his guilty plea because he was a minor when he accepted his plea.

### Guilty Plea Hearing

At the plea hearing, the State proffered the factual basis for the Petitioner's guilty plea. The State asserted that it would have proved that the Petitioner and his co-defendant, Corey Sandifer, approached two men, Octavio Sanchez and the victim, who were working outside of a house. Mr. Sanchez would testify that one of those men pointed a gun at him and told him not to look at him. The prosecutor identified the man that held Mr. Sanchez at gunpoint as Mr. Sandifer. Mr. Sanchez would also testify that he gave that man his wallet and that the victim was held at gunpoint by the other man. The prosecutor stated that the other man pointed a gun at the victim and shot and killed him during the robbery. The prosecutor also stated that Mr. Sandifer would testify that the Petitioner was the other man who shot and killed the victim. The Petitioner and Mr. Sandifer fled the scene and got into a vehicle with the other co-defendant, Jerrell Jackson. After getting into the vehicle, the Petitioner and Mr. Sandifer were in possession of the victims' property, including a cell phone, an iPad, and cash. The prosecutor stated that Mr. Jackson would testify that Mr. Sandifer expressed frustration with the Petitioner for killing one of the men, and the Petitioner attempted to explain that the shooting was an accident. The Petitioner later confessed his involvement to Travelt Speed who would testify to that effect. Moreover, the prosecutor stated that Thomas Moss would testify that he witnessed the Petitioner and Mr. Sandifer carrying property belonging to the victims and saw that Mr. Sandifer was "very upset" with the Petitioner.

The Petitioner testified that trial counsel reviewed and explained all of the legal rights that he was waiving by pleading guilty. He stated that he understood the legal rights that he was waiving. He also stated that he understood that it was his decision whether to plead guilty, he had a right to a jury trial, and he had a right to confront and cross-examine witnesses. The Petitioner testified that he understood that by accepting his guilty plea, he was agreeing to a thirty-year sentence. He also testified that he understood that he was charged with first degree murder and that he would be sentenced to life in prison if he was convicted. He stated that he understood that he was being sentenced as a Range II offender and that, if he were convicted of second degree murder at trial, he would be sentenced as a Range I offender and receive a shorter sentence. He also stated that he understood that he would be required to serve one hundred percent of his sentence

and that he was only eligible for a possible fifteen percent reduction in his sentence for good behavior. The trial court requested that the Petitioner use his "own words" to describe the sentence he was agreeing to take. The Petitioner responded by saying, "I'm signing for a second degree murder, pleading at thirty years at 100%." The Petitioner testified that he understood his legal rights, that trial counsel appropriately represented him, that he was entering his plea on his own free will, and that he did not have questions for the trial court. Accordingly, the trial court found that the Petitioner entered his plea knowingly and voluntarily and accepted his guilty plea.

The Petitioner filed an initial post-conviction petition and an amended petition following the appointment of counsel that included issues that the Petitioner does not raise on appeal. Our summary of the evidence presented in the post-conviction hearing is limited to those issues raised on appeal.

## Post-Conviction Hearing

The Petitioner testified that he would not have accepted his plea agreement if he had known that he was not eligible for parole. He also testified that although he knew he was pleading to a thirty-year sentence, he did not know the difference between the range classifications. He stated that he did not know that he had a right to a preliminary hearing, explaining that if he had had a preliminary hearing, he would have challenged probable cause based on a lack of evidence and a lack of witnesses. The Petitioner testified that at the time of the plea agreement, he was seventeen years old.

On cross-examination, the Petitioner testified that he did not know his sentence would be ineligible for parole but that he reviewed the guilty plea paperwork with trial counsel. He also testified that he could read and write and went to school through the tenth grade. He stated that trial counsel informed him that he was eligible for parole and that he "probably wasn't paying attention" when the trial court told him that he was not eligible for parole. Although he understood he was agreeing to be sentenced to thirty years at one hundred percent, he thought he was going to get a parole date after serving eighty-five percent of his sentence. He acknowledged that knew he was able to receive "good time" credit for up to fifteen percent of his sentence.

On redirect examination, the Petitioner testified that he should have been sentenced as a mitigated or standard offender because he did not have a prior felony conviction as an adult. He also testified that he did not express his confusion at the time of the guilty plea hearing because he was a juvenile at the time and was scared of being sentenced to life in prison. The Petitioner testified that trial counsel "basically" forced him to plead guilty.

Following the hearing, the post-conviction court denied the petition for post-conviction relief, finding that the "Petitioner was fully advised and acknowledged his understanding of his guilty plea." The post-conviction court concluded that the "Petitioner failed to identify anything that counsel did that would amount to ineffective assistance of counsel and failed to show that his guilty plea was unknowing, unintelligent, or involuntary."

## ANALYSIS

On appeal, the Petitioner argues that trial counsel provided ineffective assistance because trial counsel should have advised the Petitioner of the sentencing ranges and offender classification. The Petitioner also argues that trial counsel should have advised the Petitioner to proceed to trial because of the opportunity to cross-examine witnesses with inconsistent statements and the lack of evidence. Moreover, the Petitioner contends that he entered his guilty plea unknowingly and involuntarily because he was a minor when he pled guilty.

To obtain post-conviction relief, a petitioner must prove that his or her conviction or sentence is void or voidable because of the abridgement of a right guaranteed by the United States Constitution or the Tennessee Constitution. T.C.A. § 40-30-103; *Howell v. State*, 151 S.W.3d 450, 460 (Tenn. 2004). A post-conviction petitioner must prove allegations of fact by clear and convincing evidence. T.C.A. § 40-30-110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1); *Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009) (quoting *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)). In an appeal of a court's decision resolving a petition for post-conviction relief, the court's findings of fact "will not be disturbed unless the evidence contained in the record preponderates against them." *Frazier v. State*, 303 S.W.3d 674, 679 (Tenn. 2010).

## I.    Ineffective Assistance of Counsel

A criminal petitioner has a right to "reasonably effective" assistance of counsel under both the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). The right to effective assistance of counsel is inherent in these provisions. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Dellinger*, 279 S.W.3d at 293. To prove ineffective assistance of counsel, a petitioner must prove both deficient performance and prejudice to the defense. *Strickland*, 466 U.S. at 687. Failure to satisfy either prong results in the denial of relief. *Id.* at 697.

For deficient performance, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms, despite a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688-89. "In other words, the services rendered or the advice given must have been below 'the range of competence demanded of attorneys in criminal cases.'" *Grindstaff*, 297 S.W.3d at 216 (quoting *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). The petitioner must prove that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. When reviewing trial counsel's performance for deficiency, this court has held that a "petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). The reviewing court "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time." *Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 689). However, "deference to tactical choices only applies if the choices are informed ones based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

"'[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'" *Burns*, 6 S.W.3d at 462 (quoting *Strickland*, 466 U.S. at 691). "[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." *Strickland*, 466 U.S. at 691. "Counsel must conduct appropriate investigations, both factual and legal, to determine what matters of defense can be developed." *Baxter*, 523 S.W.2d at 933.

Prejudice requires proof of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In *Strickland*, the Supreme Court noted that "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. The Court clarified that prejudice "requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial, a trial whose result is reliable." *Id.* at 687. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

A claim of ineffective assistance of counsel raises a mixed question of law and fact. *Burns*, 6 S.W.3d at 461; *Grindstaff*, 297 S.W.3d at 216. Consequently, this court reviews the trial court's factual findings de novo with a presumption of correctness, unless the evidence preponderates against the trial court's factual findings. *Grindstaff*, 297 S.W.3d at 216. However, the trial court's conclusions of law on the claim are reviewed under a purely de novo standard with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

Here, the Petitioner argues that trial counsel did not adequately advise him on the topic of sentencing ranges and offender classification. Specifically, the Petitioner contends that he was a Range I offender and that trial counsel was ineffective for allowing him to plead guilty as a Range II offender. At the guilty plea colloquy, however, the Petitioner testified that he knew he was being sentenced as a Range II offender and that, if he were convicted of second degree murder at trial, he would be sentenced as a Range I offender and receive a shorter sentence. Although the Petitioner testified at the post-conviction hearing that trial counsel informed him that he was eligible for parole, he testified at the guilty plea colloquy that he knew that he had to serve one hundred percent of his sentence with only a possibility of a fifteen percent reduction for good behavior. At the post-conviction hearing, the Petitioner stated that he "probably wasn't paying attention" when the trial court informed him that he was not eligible for parole. We note that the Petitioner summarized his (correct) understanding of his sentence in his own words at the plea colloquy. Moreover, the post-conviction court found that the "Petitioner was fully advised and acknowledged his understanding of his guilty plea." Accordingly, we hold that the Petitioner has failed to prove that trial counsel was deficient for failing to adequately advise him about sentencing ranges or his classification as a Range I offender.

The Petitioner also argues that trial counsel should have advised the Petitioner to proceed to trial because of the opportunity to cross-examine witnesses with inconsistent statements and the lack of evidence. Specifically, he claims that an informant gave inconsistent statements to the police. He also claims there was a lack of evidence because the police did not recover a gun, gunshot residue, or fingerprints, and because police did not discover eyewitnesses to the murders. At the guilty plea hearing, however, the prosecutor stated that the State would be able to call witnesses that would identify the Petitioner as the man who held the victim at gunpoint during the robbery preceding the victim's murder, that would testify that they drove the escape vehicle from the scene of the robbery and murder, that would testify that they saw the Petitioner with the victim's and Mr. Sanchez's property, that would testify that Mr. Sandifer expressed frustration with the Petitioner for killing one of the men and the Petitioner attempted to explain to Mr. Sandifer that the shooting was an accident, and that would testify that the Petitioner

- 6 -

confessed to them. Accordingly, we hold that the Petitioner has failed to prove by clear and convincing evidence that trial counsel was deficient.

Additionally, the Petitioner argues that trial counsel was ineffective for allowing him to plead guilty while he was a minor. At the post-conviction hearing, the Petitioner provided no proof that trial counsel was ineffective for allowing him to plead guilty despite him being a minor. We note that although the Petitioner was a minor, he was properly before the criminal court as an adult. *See* T.C.A. § 37-1-134(a)(1). Accordingly, we hold that the Petitioner has failed to prove that trial counsel was deficient for failing to object to his plea on the basis of his age. Because the Petitioner has failed to prove that trial counsel's representation was deficient in any way, we need not reach the prejudice inquiry. *Strickland*, 466 U.S. at 694.

## II.   Voluntariness of Guilty Plea

In evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (citations omitted). In making this determination, the reviewing court must look to the totality of the circumstances. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). Indeed,

> a court charged with determining whether ... pleas were "voluntary" and "intelligent" must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (citation omitted).

Here, the Petitioner argues that he entered his guilty plea unknowingly and involuntarily because he was a minor when he pled guilty. At the post-conviction hearing, the Petitioner testified that, at the time of the plea agreement, he was seventeen years old and that he could read and write and went to school through the tenth grade. He also testified that he did not express his confusion at the time of the guilty plea hearing because he was a juvenile at the time and was scared of being sentenced to life in prison. At the guilty plea hearing, the Petitioner testified that he understood the legal rights that

he was waiving, that he understood that by accepting his guilty plea, he was agreeing to a thirty-year sentence, that he understood that he was being sentenced as a Range II offender and that, if he were convicted of second degree murder at trial, he would be sentenced as a Range I offender and receive a shorter sentence, and that he understood that he would be required to serve one hundred percent of his sentence and that he was only eligible for a possible fifteen percent reduction in his sentence for good behavior. The post-conviction court did not credit his testimony and found that he knowingly and voluntarily entered his plea. We hold that the proof provided by the Petitioner does not preponderate against the post-conviction court's findings. Accordingly, we hold that the Petitioner knowingly and voluntarily entered his guilty plea.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE